## THE ARGYLE COMPANY

*v.*

### WILLIE G. MCNEILL, for use of Flora Caruthers.

*Filed at Ottawa October 29, 1894.*

EVIDENCE—*of agreement to transfer indebtedness—when not proper.* Evidence of an agreement by a plaintiff in assumpsit to transfer the indebtedness sued for to a third person through her husband, and of the latter's agency, is inadmissible in the absence of evidence that the indebtedness was in fact transferred, and where the instrument evidencing it is in the possession of and offered in evidence by the plaintiff.

*Argyle Co.* v. *McNeill,* 46 Ill. App. 564, affirmed.

APPEAL from the Appellate Court for the First District ;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. A. C. WENBAN, and Mr. L. S. HODGES, for the appellant.

Messrs. BALL, WOOD & OAKLEY, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the court :

This was a suit in assumpsit, brought by appellee, against appellant.   The declaration contained a special count upon an instrument in writing, as follows :

"This is to certify that there was due to Mrs. Malcolm McNeill, on February 1, 1891, by the Argyle Company, seventeen hundred sixteen and 37-100 ($1716.37) dollars, and interest on same at seven per cent from January 1, 1891, to February 1, 1891.

THE ARGYLE COMPANY,

By MALCOLM MCNEILL, *Sec.*"

The following assignment was written upon this instrument :

"I hereby transfer, assign and set over unto Flora Caruthers all my right, title and interest in and to the within instrument.          MRS. MALCOLM MCNEILL."

Appellant pleaded the general issue and the Statute of Limitations.   Willie G. McNeill is the wife of Malcolm McNeill, and the same person to whom the written instrument sued on was made under the name of Mrs. Malcolm McNeill.   The trial was by jury, and verdict for the plaintiff, upon which judgment was entered.   On appeal to the Appellate Court the judgment of the Superior Court was affirmed.

The only defense attempted to be set up at the trial was, that before the instrument was issued, Willie G. McNeill, the person to whom the indebtedness was acknowledged to be due, had by her husband, as her agent, agreed to transfer the indebtedness due her to third parties, to which agreement the defendant consented, and executed the written acknowledgment in order that it

might be so transferred,—in other words, the defense was, that by what is termed a novation the indebtedness sued for was due to other parties. It was not claimed that the defendant had paid such other parties, or by any binding contract obligated itself to do so. Whether there was an agreement of novation binding on the plaintiff depended mainly upon whether her husband was authorized to act as her agent in that behalf, or whether she had ratified an agreement to that effect made by him. The Appellate Court, having affirmed the judgment below, has settled all controverted facts material to plaintiff's right of recovery against the defense.

But it is insisted that the Superior Court erred in excluding offered evidence tending to prove the agreement to transfer the indebtedness, and the agency of the husband. In our view of the law of the case that testimony was wholly immaterial. It must be borne in mind that the plaintiff below neither proved, nor offered to prove, that the indebtedness was in fact transferred or assigned, but only that there was an agreement to do so. It clearly appears from the record that the instrument sued on, and by which the indebtedness was evidenced, was in the possession of the plaintiff, and by her offered in evidence on the trial. The only assignment of it ever made was to Flora Caruthers, for whose use the suit is brought. Benjamin F. and Alexander C. McNeill are claiming nothing in this action. As between these parties, if all that defendant proved or offered to prove had been true it would have availed nothing as a defense.

The judgment of the Appellate Court should be affirmed.

*Judgment affirmed.*